J-S51024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL STUART JONES | : | |
| | : | |
| Appellant | : | No. 1562 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 24, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006879-2017

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:          **FILED OCTOBER 23, 2019**

Appellant, Daniel Stuart Jones, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial conviction of simple assault and bench trial conviction of harassment.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On October 11, 2017, Appellant was staying with his friend of 25 to 30 years, Mark Sipe, and helping him work on odd jobs at the time.  After work one day, Appellant and Mr. Sipe returned to Mr. Sipe's house, drank beer and cooked dinner.  Later that evening, Mr. Sipe's neighbor Dan Brown joined them. After Mr. Brown stepped onto the porch to smoke a cigarette, a dispute arose

_____

[1] 18 Pa.C.S.A. § 2701(a)(1) and § 2709(a)(1), respectively.

regarding money Appellant claimed Mr. Sipe owed him. Mr. Sipe said that he could pay Appellant the following day, but Appellant wanted his payment immediately. As a result, Appellant struck Mr. Sipe in the face eight times. Mr. Brown witnessed some of the altercation. Mr. Sipe did not respond to Appellant physically or verbally while Appellant punched him. Mr. Sipe then contacted the police, and Officer Matthew Berry arrived a few minutes later. Officer Berry indicated that Appellant appeared intoxicated and had blood on his knuckles.

On July 20, 2018, a jury convicted Appellant of simple assault. During the recess after the Commonwealth rested, but before the defense presented its case, a juror sent a note to the court stating that the juror had been in the elevator with Mr. Sipe, who appeared intoxicated. According to the juror, after Mr. Sipe left the elevator, two other unidentified occupants of the elevator commented that Mr. Sipe appeared intoxicated. The Commonwealth requested a mistrial, which the court denied, and the court cured the situation by removing the juror and using an alternate.

Defense counsel sought to call Appellant to testify that Mr. Sipe was intoxicated on the witness stand, which Appellant claimed he could testify about, based on knowing Mr. Sipe for 25 to 30 years. The court barred Appellant's proffered testimony and noted that the court, defense counsel and the Commonwealth had not observed any *indicia* of intoxication when Mr. Sipe was on the stand. Furthermore, defense counsel had the opportunity to

question Mr. Sipe's recollection of the attack on cross-examination.

On August 24, 2018, the court sentenced Appellant to 6 days to 2 years minus 2 days imprisonment for simple assault, merging the harassment conviction for sentencing purposes. Appellant timely filed a post sentence motion on August 30, 2018, which the court denied on September 4, 2018. On September 18, 2018, Appellant timely filed a notice of appeal. The court ordered a Rule 1925(b) statement on September 19, 2018, which Appellant timely filed on October 12, 2018.

Appellant now raises one issue for review:

> THE TRIAL COURT ERRED IN LIMITING APPELLANT'S DIRECT TESTIMONY AS TO HIS OBSERVATIONS THAT THE VICTIM ATTENDED TRIAL INTOXICATED. APPELLANT WAS A LAY WITNESS COMPETENT TO RENDER SUCH AN OPINION PURSUANT TO PA.R.E. 701. THE TESTIMONY WAS RELEVANT TO THE VICTIM'S RECOLLECTION AND ACCURACY OF HIS TESTIMONY DURING TRIAL AND WENT DIRECTLY TO HIS CREDIBILITY. BY LIMITING THE TESTIMONY, THE TRIAL COURT USURPED THE FUNCTION OF THE JURY TO DETERMINE WHETHER THE VICTIM WAS INTOXICATED WHEN HE TESTIFIED AND WHETHER SUCH INTOXICATION AFFECTED HIS CREDIBILITY.

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Craig T. Trebilcock, we conclude Appellant's issue merits no relief. The trial court opinion properly disposes of the question presented. (**See** Trial Court Opinion, dated April 25, 2019, at 2-5) (finding: Appellant was free to attack Victim's recollection of assault on cross-examination; at no point during cross-

- 3 -

examination of Victim did Appellant question Victim about whether he was intoxicated at trial; Appellant made no mention of his belief that Victim might be intoxicated, until a juror brought it to court's attention; neither Commonwealth nor defense counsel raised issue of Victim's alleged intoxication during his testimony; court did not observe any behavior while Victim was on stand, to raise alarm that Victim might be in altered state or incompetent to testify; Victim exhibited no signs of forgetfulness or issues with recollection of events in question while testifying; Appellant's proffered opinion testimony of Victim's alleged intoxication would not have been helpful, would likely have confused and misled jury, and was irrelevant to issues being litigated; even if intoxication testimony was marginally relevant to Victim's credibility, evidence was inadmissible under Pa.R.E. 403, as proposed testimony sought to sway jury to decide case on improper basis; Appellant was not in close proximity to Victim on day of trial to detect any odor of alcohol on Victim; Appellant based his opinion solely on juror's assessment, and then belatedly and incredibly claimed Appellant could determine Victim's intoxication based on Appellant's own observations of Victim; jury was free to make observations of Victim's behavior on witness stand; court observed zero indication that Victim was intoxicated while testifying and attributes juror's perception to error). Accordingly, we affirm based on the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2019